UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**UNITED STATES OF AMERICA**

vs.

**WILLIAM HYMAN,**

       **Defendant.**
_____/

## AGREED FACTUAL BASIS FOR GUILTY PLEA

Beginning in or around approximately March 2017 and continuing through in or around approximately July 2019, in Broward County, the Southern District of Florida, and elsewhere, the defendant, WILLIAM HYMAN ("HYMAN"), did knowingly combine, conspire and agree with other co-conspirators, in violation of Title 18, United States Code, Section 1349, to commit health care fraud, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title l8, United States Code, Section 1347. Medicare is a "health care benefit program" as defined in Title 18, United States Code, Section 24. Furthermore, Medicare is a health care benefit program affecting commerce.

HYMAN was the owner of Wellness Medical Services, LLC ("Wellness Medical"). HYMAN, through Wellness Medical, partnered with Sean Deegan, through D5 Capital, LLC

("D5"). Wellness Medical had a principal place of business in New Jersey and D5 had a principal place of business in Pompano Beach, Florida, in the Southern District of Florida.

HYMAN worked with other patient recruiters to refer false and fraudulent genetic tests to laboratories in exchange for kickbacks, which included LabSolutions, LLC ("LabSolutions"), a Medicare provider that purported to provide laboratory testing services to Medicare beneficiaries. Under an agreement between D5 and LabSolutions, HYMAN and his co-conspirators sold LabSolutions signed lab requisition orders for cancer genetic ("CGx") tests in exchange for illegal kickbacks, which were calculated based on 45% of the amount of money LabSolutions collected from insurance, to include Medicare. Sean Deegan, through D5, retained a 10% override commission from these kickback proceeds and then transferred the remaining kickback proceeds (35%) to HYMAN, through Wellness Medical. HYMAN then split these proceeds with other co-conspirators.

HYMAN and his co-conspirators obtained signed doctors' orders for these CGx tests by conducting health fairs at nursing homes and other facilities throughout New York and New Jersey, as well as conducting an event at a synagogue in Boca Raton, Florida. HYMAN and his co-conspirators paid bribes and kickbacks to doctors or other prescribing practitioners in exchange for doctors' orders authorizing CGx tests.

Between in or around March 2017 and in or around July 2019, HYMAN and his co-conspirators caused LabSolutions to submit approximately $1,633,261 in false and fraudulent claims for reimbursement from Medicare for CGx tests that were not medically necessary, and that was procured through the payment of illegal kickbacks and bribes. Medicare paid approximately $705,818.03 of the claims.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charges against me. It does not include all of the facts known to me concerning criminal activity in which I and others engaged. I make this statement knowingly and voluntarily and because I am in fact guilty of the crimes charged.

DATE: 5/6/2021

_____
WILLIAM HYMAN
Defendant

_____
PAUL WIEGARTNER, ESQ.
Attorney for Defendant

_____
MARISSEL DESCALZO
Attorney for Defendant

*Patrick Queenan*
_____
PATRICK J. QUEENAN
Trial Attorney

3